UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET WITTERS,<br><br>       Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:14-cv-05744-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

   Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

 On March 22, 2011, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications she became disabled beginning January 5, 2009. *See* Dkt. 15, Administrative Record ("AR") 31. Both applications were denied upon initial administrative review on June 6, 2011, and on reconsideration on October 4, 2011.

ORDER - 1

*See id.* A hearing was held before an administrative law judge ("ALJ") on November 1, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 83-113.

In a decision dated December 12, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 31-49. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 29, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981, § 416.1481. On September 23, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on November 26, 2014. *See* Dkt. 15. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinion evidence from Tasmyn Bowes, Psy.D., Kimberly Wheeler, Ph.D., Michael Brown, Ph.D., and Therese Stokan, D.O.; (2) in discounting plaintiff's credibility; (3) in assessing plaintiff's residual functional capacity; and (5) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion evidence from Dr. Stokan – and thus in assessing plaintiff's residual functional capacity and in finding her to be capable of performing other jobs existing in significant numbers in the national economy – and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

ORDER - 2

# DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must

I.        The ALJ's Evaluation of Dr. Stokan's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

---

> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff argues the ALJ erred in rejecting the October 22, 2015 opinion of Dr. Stokan concerning her physical functional limitations. The Court agrees. With respect to that opinion, the ALJ found in relevant part:

> Dr. Stokan . . . opined that the claimant could not stand for more than ten to fifteen minutes at a time, could not sit for more than ten to fifteen minutes at a time and would need to lie down at least twice during an eight-hour workday for at least an hour to relieve pain. She opined that the claimant's use of arm crutches was medically necessary and the claimant would have missed three days per month or more because of her back impairment (Exhibit 29F). Little weight is given to this opinion. It is not consistent with Dr. Stokan's other opinions and there is no apparent reason for the significant change. It is not the first inconsistent opinion from this physician. It is also not consistent with the objective medical evidence in the record or the opinion of [Lisa Garrison,

ORDER - 5

> M.D.,] who conducted [a] consultative examination [in late July 2012]. The claimant's most recent x-rays and CT scan showed only mild changes which is not consistent with this opinion. This opinion appears to be based primarily on the claimant's reports of pain and her pain behavior which cannot be relied upon because of the claimant's undermined credibility.

AR 45. First, the sitting and standing restrictions Dr. Stokan assessed in late October 2012, are not substantially dissimilar to those she assessed in her first opinion in late February 2011. *See* AR 539-40, 995-96. Second, while the lifting and carrying restrictions Dr. Stokan assessed in her second opinion in late February 2012, are less restrictive that those she assessed in late February 2011 (*see* AR 539, 752), given that no lifting or carrying restrictions were assessed by her in late October 2012 (*see* AR 995-96) – and no specific sitting or standing restrictions were assessed in the late February 2012 opinion (*see* AR 752)[2] – these latter two opinions also are not necessarily inconsistent with each other. *See* AR 752-53. 995-96.

Second, the ALJ's general assertion that the restrictions contained in Dr. Stokan's late October 2012 opinion are not consistent with the objective evidence in the record is insufficient to uphold the ALJ's rejection of that opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (error to reject medical source's opinion by "asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for" that rejection). Dr. Stokan's own treatment notes, furthermore, contain a number of objective clinical findings – particularly notations of exquisite tenderness and significantly decreased bending and lower extremity strength – that could be supportive of the level of restriction she assessed, even with only mild changes seen on the most recent x-rays

---

[2] Plaintiff argues the fact that two boxes indicating she can stand for six hours in an eight-hour workday with standard rest breaks and sit for prolonged periods with occasional pushing and pulling of arm or leg controls were left blank on the evaluation form Dr. Stokan completed at the time, "gives the impression that" Dr. Stokan believed she "could not perform regular work efforts. Dkt. 19, p. 13; *see also* AR 752. While this may indicate Dr. Stokan did not believe plaintiff could perform these designated tasks for the specific time periods noted, plaintiff fails to show how, and the Court does not find, that it necessarily suggests an inability to perform regular sustained work efforts, or that Dr. Stokan believed this to be the case.

ORDER - 6

and/or CT scans.[3] *See* AR *587, 589, 592-94, 619, 627, 630, 699, 706, 713, 716, 721, 755, 830, 834, 837, 841, 848, 854*, 861, 867, 871, 878, 883, 887, 890, 902, 906, 910-11.

Third, although Dr. Garrison's opinion clearly is at odds with the late October 2012 opinion of Dr. Stokan (*see* AR 805-100), Dr. Garrison is an examining physician, and the ALJ fails to explain why as plaintiff's treating physician, Dr. Stokan's opinion is not entitled to greater weight. *See* 20 C.F.R. § 404.1527(d)(2), 20 C.F.R. § 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.").

Fourth, in her late October 2012 opinion Dr. Stokan points to several significant clinical findings in addition to plaintiff's self-reporting as a basis for her conclusions, and thus it is not at all clear she relied primarily on the latter in forming her opinion. *See* AR 995-996; *Morgan*, 169 F.3d at 602 ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)). For all the above reasons, therefore, the ALJ erred.

II.     <u>The ALJ's Assessment of Plaintiff's Residual Functional Capacity</u>

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

---

[3] To the extent the ALJ was relying on the x-ray and CT scan findings to discount the objective clinical findings in Dr. Stokan's own treatment notes as a basis for the late October 2012 opinion, this was an improper substitution of the ALJ's own lay opinion for that of Dr. Stokan. *See Gonzalez Perez v. Secretary of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987); *McBrayer v. Secretary of Health and Human Services*, 712 F.2d 795, 799 (2nd Cir. 1983); <u>Gober v. Mathews</u>, 574 F.2d 772, 777 (3rd Cir. 1978).

ORDER - 7

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") [SSR] 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . .that does not require more than frequent use of right leg controls; that does not require more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; that does not require any climbing of ladders, ropes, or scaffolds; that does not require concentrated exposure to extreme cold, vibrations, or hazards such as unprotected heights or open machinery; and that does not require more than superficial public or co-worker contact.**

AR 36 (emphasis in original). But because the ALJ erred in evaluating the late October 2012 opinion from Dr. Stokan, the ALJ's RFC assessment cannot be said to completely and accurately

ORDER - 8

describe all of plaintiff's functional limitations or to be supported by substantial evidence, and therefore cannot be upheld.

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 108-09. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. *See* AR 108-110. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing

ORDER - 9

in significant numbers in the national economy. *See* AR 47-48. Because the ALJ's assessment of plaintiff's RFC was erroneous, however, the hypothetical question he posed cannot be said to completely and accurately describe all of plaintiff's functional limitations, and thus the ALJ's reliance on the vocational expert's testimony to find plaintiff not disabled at step five also cannot be said to be supported by substantial evidence or free of error.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Plaintiff argues remand for an outright award of benefits is appropriate in this case in light of all the ALJ's errors. While as discussed above, the ALJ failed to give sufficient reasons for rejecting

ORDER - 10

the opinion evidence from Dr. Stokan, that evidence is not entirely consistent with the objective medical evidence in the record overall, particularly Dr. Garrison's evaluation report and findings discussed above. Accordingly, the Court finds remand for further administrative proceedings is more appropriate, given the outstanding issues that inconsistency presents in regard to plaintiff's residual functional capacity and ability to perform other jobs.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 6th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11